# Creamer *et al. v.* The State.

### *Indictment for Grand Larceny.*

1. *Organization of grand jury.*—The act approved February 13th, 1879, regulating the drawing of grand and petit jurors in certain counties therein named (Sess. Acts 1878-9, p. 204), by which the number of grand jurors was reduced from eighteen to fifteen, was not intended to be retroactive. Where the grand jurors were drawn under the general law (Code, § 4738), prior to the passage of said local statute, though the jury was organized subsequent to that date, it was properly organized with eighteen members.

From the Circuit Court of Cleburne.

Tried before the Hon. LEROY F. BOX.

The indictment in this case, charging the defendants with grand larceny, was found at the March term of said court, 1879. The grand jury at that term, by which the indictment was found, was composed of eighteen members, who were regularly drawn and summoned under the general law, prior to the 13th February, 1879, on which day an act of the General Assembly was approved, regulating the drawing of grand and petit jurors in said county, with others named therein, and reducing the number of grand jurors to fifteen.—Session Acts 1878-9, p. 204. The grand jury was organized, with eighteen members, after the passage of that law; and the defendants being tried at a subsequent term, and convicted, they moved in arrest of judgment, on the ground that the grand jury was illegally organized—that it should have been composed of only fifteen instead of eighteen jurors. The court overruled the motion in arrest, and rendered judgment on the verdict against them; and they reserved the question, by bill of exceptions, for the consideration of this court.

ELLIS & AIKEN, and SMITH & SMITH, for appellants.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The question raised in this case is settled adversely to the appellants in the case of *Marler v. The State,* at the present term.—68 Ala. 580. It was there held, that where a grand jury was drawn under the general law, and prior to the passage of the act of February 13, 1879 (Acts 1878-79, p. 204), regulating the drawing of grand juries in certain

[Collins v. The State.]

counties therein specified, it would be legal to organize it as drawn, although the organization should take place subsequent to the date of the special act. In other words, the act in question was not intended to be retroactive, so as to affect the validity of any drawing which had taken place under the general law.

Affirmed.